**The Honorable Richard A. Jones**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD A. FINGER, JR. and BLACK DIAMOND SECURITIES, LLC<br><br>Defendants. | Case No. 2:11-cv-01479-RAJ<br><br>**FINAL JUDGMENT AGAINST DEFENDANTS RICHARD A. FINGER, JR. AND BLACK DIAMOND SECURITIES, LLC** |

FINAL JUDGMENT
SEC v. FINGER, et al.
Case No. 2:11-cv-01479-RAJ

SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104
(415) 705-2500

Plaintiff Securities and Exchange Commission ("Commission") having filed its complaint in this action and defendants Richard A. Finger, Jr. ("Finger") and Black Diamond Securities, LLC ("Black Diamond") (together, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment Against Defendants Richard A. Finger, Jr. and Black Diamond Securities, LLC; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED THAT defendants Finger and Black Diamond and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined from, directly or indirectly, in connection with the purchase or sale of securities, by use of means or instrumentalities of interstate commerce, or of the mails, with scienter:

(a) employing devices, schemes, or artifices to defraud;

(b) making untrue statements of material fact or omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and

(c) engaging in acts, practices, or courses of business which operate or would operate as a fraud or deceit upon other persons,

in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78(j)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

II.

IT IS FURTHER ORDERED THAT defendant Black Diamond and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined from, directly or indirectly, while acting as a broker, making use of the mails or any means or instrumentality of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of, securities (other than commercial paper, bankers'

FINAL JUDGMENT
SEC v. FINGER, et al.
Case No. 2:11-cv-01479-RAJ

1

SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104
(415) 705-2500

acceptances, or commercial bills) otherwise than on a national securities exchange of which it is a member, by means of any manipulative, deceptive, and fraudulent device and contrivance, in violation of Section 15(c)(1)(A) of the Exchange Act [15 U.S.C. § 78*o*(c)(1)(A)].

III.

IT IS FURTHER ORDERED THAT defendant Finger and his respective agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, knowingly or recklessly providing substantial assistance to any other person who, while acting as a broker, makes use of the mails or any means or instrumentality of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of, securities (other than commercial paper, bankers' acceptances, or commercial bills) otherwise than on a national securities exchange of which that person is a member, by means of any manipulative, deceptive, and fraudulent device and contrivance, in violation of Section 15(c)(1)(A) of the Exchange Act [15 U.S.C. § 78o(c)(1)(A)].

IV.

IT IS FURTHER ORDERED THAT the asset freeze previously imposed on the assets of defendants Finger and Black Diamond is hereby dissolved. Within 10 days of entry of this Final Judgment Defendants' attorney in this case, David B. Bukey, shall pay $170,302.48 from his attorney trust account into the Court registry, representing the proceeds previously derived from asset sales by the Defendants. Defendants' attorney shall make this payment by cashier's check or other certified payment instrument. Along with the payment instrument, Defendants' attorney shall submit a cover letter that indicates that the payment is being made pursuant to this Final Judgment. Defendants' attorney shall simultaneously deliver a copy of the payment instrument and cover letter to plaintiff's counsel Robert L. Mitchell, Securities and Exchange Commission, San Francisco Regional Office, 44 Montgomery Street, 28th Floor, San Francisco, CA 94104. The funds deposited with the Court registry shall be held pending further Court order to be distributed as part of a restitution fund for victims in a separate criminal action pending in this District captioned *U.S. v. Richard A. Finger, Jr.*, Crim. No. 2:11-cr-00382-RSM-1.

FINAL JUDGMENT
SEC v. FINGER, et al.
Case No. 2:11-cv-01479-RAJ

2

SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104
(415) 705-2500

V.

IT IS FURTHER ORDERED THAT the Consent of Defendant Richard A. Finger, Jr. to Entry of Final Judgment is incorporated herein with the same force and effect as if fully set forth herein and that defendant Finger shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED THAT the Consent of Defendant Black Diamond Securities, LLC to Entry of Final Judgment is incorporated herein with the same force and effect as if fully set forth herein and that defendant Black Diamond shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED THAT this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Date:  October 9th, 2012

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Court Judge

Approved as to form:

[signature on original]
David B. Bukey
Law Offices of David B. Bukey
1501 4th Avenue, Suite 2150
Seattle, WA 98101
Telephone: (206) 973-7815
Facsimile: (206) 340-1936

Attorney for Defendants RICHARD A. FINGER, JR. and BLACK DIAMOND SECURITIES, LLC

Submitted by:

*/s/ Robert L. Mitchell*
Robert L. Mitchell
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

FINAL JUDGMENT
SEC v. FINGER, et al.
Case No. 2:11-cv-01479-RAJ

3

SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104
(415) 705-2500